Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS MATUTE,<br><br>        Plaintiff,<br><br>v.<br><br>ALLIANCE GROUP & ASSOCIATES, LLC,<br><br>        Defendant, | Case No. 5:21-cv-00388<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes DENNIS MATUTE ("Plaintiff") by and through the undersigned attorney, complaining as to the conduct of ALLIANCE GROUP & ASSOCIATES, LLC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

1

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Moreno Valley, California, which is located within the Central District of California.

5. Defendant is engaged in the business of offering financial services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers located in the State of California. Defendant's principal place of business is located at 600 E North St, Greenville, South Carolina 29601.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect on a defaulted personal loan obligation owed originally to Cash Central ("subject consumer debt").

8. The subject consumer debt was incurred for Plaintiff's personal and household use.

9. Defendant acquired the collection rights to the subject consumer debt after Plaintiff defaulted to Cash Central.

10. On or around February 2021, Plaintiff began receiving calls to his cellular phone, (951) XXX-2933, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2933. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone number (951) 374-8679 when placing calls to Plaintiff's cellular phone, but upon belief, Plaintiff has used other phone numbers as well.

13. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

14. Upon answering phone calls from Defendant, Plaintiff discovered that Defendant was calling in attempt to collect on the subject consumer debt.

15. Defendant's persistent contacts and harassing collection campaign prompted Plaintiff to answer its calls and demand that Defendant stop contacting his cellular phone and communicate only through mail via his P.O. Box.

16. Defendant responded by hanging up on Plaintiff as he was supplying defendant with his P.O. Box information.

17. Plaintiff called back just to get hung up on again by Defendant.

18. Plaintiff was eventually able to speak with a manager and was told that he would be taken off the calling list and that he would get begin to receive letters in the mail.

19. Despite Plaintiff's demands, Defendant continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject consumer debt.

20. In addition, Plaintiff has yet to receive any letters in the mail from Defendant regarding the subject consumer debt.

21. For example, Defendant placed a phone call to Plaintiff on February 18, 2021 notwithstanding his demands.

22. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in expenses and expended resources.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone service, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1), §1692c(b) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it called Plaintiff after being notified to stop. Defendant called Plaintiff multiple times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phones in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

32. Defendant was notified by Plaintiff that its actions were not welcomed, yet it continued despite the prompts. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**b. Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

35. Defendant violated §1692e, e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop contacting him, Defendant continued to contact him with unwanted collection calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. In addition, Defendant made a false representation to Plaintiff that it would only communicate with him via the mail.  Plaintiff has never received any written correspondence from Defendant after being told that it was coming.

### c.  Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff multiple times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.  Additionally the false statements that Defendant unconscionably used towards Plaintiff highlight the intent to collect payment at nearly all cost.

38. As pled in paragraphs 22 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff DENNIS MATUTE, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through its continuous attempts to collect upon the subject consumer debt, Defendant violated Cal. Civ. Code § 1788.17 and 15 U.S.C. §§1692d, e, and f. Defendant engaged in a harassing, deceptive and unconscionable campaign to collect from Plaintiff through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to use impermissible collection means against him.

45. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts.

WHEREFORE, Plaintiff DENNIS MATUTE, respectfully request that this Honorable Court enter judgment in his favor as follows:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

  b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

  c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff to seek payment of the subject consumer debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: March 4, 2021     Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*